FRANK FITTIN, an Infant, by THOMAS F. FITTIN, His Guardian ad Litem, Respondent, *v.* ABRAHAM J. SUMNER, Appellant.

Second Department, February 16, 1917.

Negligence — injury to pedestrian by automobile — evidence — when contributory negligence not a question of law — admissibility of conversation in presence of plaintiff after injury — contradiction of plaintiff's witness.

In an action for personal injuries it appeared that the plaintiff while crossing a city street was struck and knocked down by defendant's automobile, which was proceeding at a negligent rate of speed and without lights, and that the plaintiff testified that he saw only a street car approaching, and when on the track was struck by the automobile, which then had come ahead of the car.

*Held*, on all the evidence, that a judgment in favor of the plaintiff should be affirmed;

That the failure of the plaintiff to observe the approaching automobile was not so clearly contributory negligence as to become a question of law.

The condition of the plaintiff who after the accident was taken into a nearby store did not make a conversation in his presence admissible.

A question asking defendant to give a conversation between a witness of the plaintiff and a brother who had volunteered something favorable to the defendant, but had been told by the witness to "shut up," was objectionable, not being confined to a contradiction, but bringing out the entire conversation and thus calling for hearsay.

The call to "shut up" was of no moment save as to the preceding comments of a bystander, which, being collateral, are not the subject of such contradiction.

Second Department, February, 1917.      [Vol. 176.

APPEAL by the defendant, Abraham J. Sumner, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 18th day of April, 1916, upon the verdict of a jury for $2,000, and also from an order entered in said clerk's office on the same day, denying the defendant's motion for a new trial made upon the minutes.

*Henry Siegrist* [*Otto D. Parker* with him on the brief], for the appellant.

*John C. Robinson* [*Gilbert D. Steiner* with him on the brief], for the respondent.

PUTNAM, J.:

On the evening of Sunday, October 18, 1914, defendant's Buick touring car, running toward the east, ran against and knocked down plaintiff on Fulton street, Brooklyn, near the corner of New York avenue. Plaintiff, aged fourteen years, had come to the corner of New York avenue and Fulton street, and walked westerly a few feet along the sidewalk on the southerly side of Fulton street. It was between six and seven P. M., and dark. Plaintiff looked to the westward, and testified that he saw approaching a Fulton street car then in the vicinity of Verona place, but saw no other vehicle. He started to cross Fulton street, which has a double set of car tracks. When on the first track, that for the east-bound street cars, he was struck and knocked down by defendant's automobile, which then had come somewhat ahead of the street car. Plaintiff stated that he had seen no auto lights, and had heard no automobile horn. After a charge free from error the jury's verdict was $2,000 for plaintiff.

The speed of the motor car, even as admitted by the defendant, justified a conclusion of negligence. Three witnesses, apparently disinterested, from along the sidewalk at the southerly side of Fulton street, testified that defendant's automobile ahd showed no lights. The testimony as to a horn indicates that it was heard almost at the instant of the casualty. The steering wheel had been given a strong turn to the left when plaintiff was seen, with application of both brakes, causing the left mudguard to come against the street car, whose motorman

testified that he heard "a crash, a horn toot, and the automobile had gone into the side of the car."

On this testimony the jury could find that such an auto, if unlighted, might not have been seen, when behind the street car, or even when drawing out alongside it. Hence the failure to observe this rapidly approaching automobile was not so evidently negligence as to become a question of law. The approach of defendant's automobile, possibly hidden beside the brightly lighted street car, presented an issue for the jury.

In urging that the verdict is against the weight of the evidence, appellant's counsel presents interesting mathematical calculations based on the relative speeds of the automobile and the crossing pedestrian. These might be more persuasive had the casualty happened by daylight. In the present circumstances, the factors have so much elasticity that no computation therefrom would be so conclusive as to require us to reject the verdict.

After the accident the boy was taken into a nearby drug store, and was examined by defendant, who was a physician. One of plaintiff's witnesses, Latour, then in the drug store, was cross-examined as to a conversation between his brother (who was not called) and the defendant. It was sought to be shown that the brother had volunteered something favorable to defendant, but that Latour had told him to "shut up," which, however, the witness denied. In contradiction, defendant was asked to give this conversation, which was excluded. Plaintiff's condition at the time did not make conversation in his presence admissible. (*People* v. *Koerner*, 154 N. Y. 355.) The call to "shut up" was of no moment save as to the preceding comments of a bystander, which, being collateral, are not the subject of such contradiction. (*Homer* v. *Everett*, 91 N. Y. 641, 645.) Further, the form of the question, not confined to a contradiction, but calling out the entire conversation and thus letting in hearsay, was objectionable.

I advise that the judgment and order be affirmed, with costs.

Present — JENKS, P. J., THOMAS, STAPLETON, MILLS and PUTNAM, JJ.

Judgment and order unanimously affirmed, with costs.